O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JAMES PARKS, <br>     Plaintiff, <br> v. <br> L. FERGUSON, *et al.*, <br>     Defendants. | Case No. ED CV 13-0470 SVW (JCG) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), the Magistrate Judge's Report and Recommendation ("R&R"), Plaintiff's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Plaintiff's objections generally lack merit for the reasons set forth in the R&R. However, Plaintiff's objections to the recommended dismissal of two claims warrant brief discussion here.

    A.    <u>Due Process Claim</u>

Plaintiff objects to the dismissal of his due process claim on two grounds, both of which concern the Bureau of Prisons ("BOP")'s program statement ("Program

Statement") concerning the placement of inmates in Special Management Units ("SMUs").

First, Plaintiff contends that his due process rights were violated because the Program Statement "did not go through the process that's required by the Administrative Procedure Act (APA)." (Objections at 6.) However, "the APA is not applicable to federal prison disciplinary proceedings." *Clardy v. Levi*, 545 F.2d 1241, 1246 (9th Cir. 1976); *see also Reno v. Koray*, 515 U.S. 50, 61 (1995) (noting that BOP program statements do not require public notice and comment). As such, Plaintiff's first objection is unavailing.

Second, Plaintiff argues that he should have been "given fair notice" of the Program Statement, which provides for SMU placement of inmates who, *inter alia*, have a "history of serious and/or disruptive disciplinary infractions" or who have participated in group misconduct. (Objections at 7; FAC at 13); *see also* https://www.bop.gov/policy/progstat/5217_001.pdf; *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (courts may take judicial notice of government documents available from websites run by governmental agencies). According to Plaintiff, if he had "known [the Program Statement] existed, it would [have] been the determining factor to my conduct." (FAC at 17.) However, due process does not require that prisoners be given advance notice of the specific penalties that might be imposed for rule infractions. *See McMillan v. Healey*, 739 F. Supp. 153, 157 (S.D.N.Y. 1990) ("[N]otice of the specific penalty that could be imposed if an infraction is committed would do very little to further the interests protected by due process . . . ."). As such, Plaintiff's second objection is unavailing.

Moreover, as the Magistrate Judge noted, Plaintiff's due process claim fails for the additional reason that Plaintiff has failed to allege that placement in the SMU "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); (*see also* R&R at 5-6).

Accordingly, Plaintiff's due process claim must be dismissed.

### B. Eighth Amendment Claim

Next, Plaintiff objects to the dismissal of his Eighth Amendment claim against prison medical officials who approved Plaintiff's placement in the SMU, notwithstanding Plaintiff's alleged physical and mental health issues. (Objections at 9-10.)

As a general matter, to maintain an Eighth Amendment claim for inadequate medical care, an inmate must allege that he had a "serious medical need" and that the prison official's response was "deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish deliberate indifference, the prisoner must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*

Here, Plaintiff fails to allege that his placement in the SMU exacerbated his medical condition or otherwise actually harmed him. (*See* FAC at 14-16; Objections at 9-10); *see also Jackson v. Davey*, 2015 WL 5021706, at *5 (E.D. Cal. Aug. 21, 2015) (dismissing Eighth Amendment claim premised on allegedly unsafe housing assignment where there was no allegation plaintiff was actually harmed). At bottom, Plaintiff merely disagrees with Defendants' approval of his placement in the SMU. (*See* FAC at 14-16; Objections at 9-10.) However, a difference of opinion between patient and physician, without more, does not give rise to a constitutional claim. *See Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir. 1971). As such, Plaintiff's objection is unavailing.

Accordingly, Petitioner's Eighth Amendment claim must be dismissed.

//
//
//
//
//

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered dismissing this action with prejudice; and
3. The Clerk serve copies of this Order and the Judgment on the parties.

DATED: December 21, 2016

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE